# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| LOURELE ROBERTS<br>    aka LOURELLE ROBERTS<br>    aka LAURELE ROBERTS<br>    aka LAURELLE ROBERTS<br>    FED. REG. #08582-035 | CIVIL ACTION NO. 3:15-cv-2308<br><br><br><br>SECTION P. |
| VS. | |
| | JUDGE ROBERT G. JAMES |
| WARDEN CHRISTOPHER ZYCH | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Pro se petitioner Lourele Roberts is an inmate in the custody of the Federal Bureau of Prisoners. He is confined at the United States Penitentiary – Lee, located in Jonesville, Virginia, where he is serving consecutive sentences imposed by this Court and the United States District Court for the Middle District of Tennessee.[1]  In this petition, however, he attacks his 1998 convictions for armed robbery and the 75 year sentence imposed thereon by Louisiana's Fourth Judicial District Court, Ouachita Parish in the matters assigned Docket Numbers 96-F-1257 and 1588. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be deemed **SUCCESSIVE** and **TRANSFERRED** to the United States Fifth Circuit Court of Appeal.

---

[1] See *United States of America v. Lourele Roberts*, No. 3:99-cr-00016 (M.D.Tenn)(armed robbery using a firearm – sentences totaling 184 months; *United States of America v. Lourele Roberts*, No. 3:00-cr-00134 (M.D. Tenn) (escape – sentence of 37 months to run consecutive to sentence imposed in 3:99-00016) and *United States of America v. Lourele Roberts* (W.D. La.)(burglary of a post office – sentence of 21 months)

### Statement of the Case

On November 16, 1998, petitioner pled guilty to one count of armed robbery and one count of simple escape in the Fourth Judicial District Court, Ouachita Parish. On November 29, 2001, he was sentenced to serve 75 years at hard labor without benefit of parole on the armed robbery conviction and 5 years at hard labor on the simple escape conviction. These sentences were ordered to be served consecutively to each other and to any other sentences, State or Federal. On August 14, 2002, petitioner's sentences were affirmed by the Second Circuit Court of Appeal.  *State of Louisiana v. Laurele Roberts*, 36,271 and 36,272 (La. App. 2 Cir. 8/14/2002), 823 So.2d 1100.  His writ application was denied by the Louisiana Supreme Court on September 5, 2003. *State of Louisiana v. Laurele Roberts*, 2002-2758 (La. 9/5/2003), 852 So.2d 1022.

On August 13, 2007, while he was incarcerated at the United States Penitentiary – Beaumont, Texas, he filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 in this Court raising claims of breached plea agreement and ineffective assistance of counsel. On January 4, 2008, his petition was dismissed with prejudice as time-barred by the provisions of 28 U.S.C. §2244(d).  His motion for Certificate of Appealability (COA) was denied by the Court on March 12, 2008, and his appeal was dismissed by the Fifth Circuit Court of Appeals for want of prosecution on April 7, 2008.  Petitioner's 2012 motions for reconsideration and to reopen/reinstate the case based upon his claim of entitlement to equitable tolling  were denied by this Court and his motion for COA was denied by the Fifth Circuit Court of Appeals on July 6, 2012.  *See Lourelle Roberts v. State of Louisiana*, No. 3:07-cv-1355 at Docs. 1 and 4 (petition); Doc. 7 (Report and Recommendation); Doc. 10 (Judgment); Doc. 16 (denial of COA);  Doc. 18

2

(Court of Appeals Mandate, *Roberts v. U.S.P.*, 08-30271); Doc. 19 (Motion for Reconsideration etc.); Doc. 20 (denial of motion); and Doc. 29 (Mandate of the Court of Appeal denying COA, *Roberts v. State of La.*, 12-30150).

Petitioner then returned to State court seeking post-conviction relief based upon newly discovered evidence concerning allegations of corruption lodged against one of the officers involved in the investigation of his Louisiana criminal charges. His applications were denied as time-barred by the Fourth Judicial District Court [Doc. 1-2, pp. 4-9, the Second Circuit Court of Appeal [id., pp. 10-11]and ultimately by the Louisiana Supreme Court on September 19, 2014. *See State of Louisiana ex rel. Lourele Roberts v. State of Louisiana*, 2014-0103 (La. 9/19/2014), 148 So.3d 948.

As noted above, he filed the instant petition on August 31, 2015.  Petitioner raises a single claim for relief – "Violation of defendant's Fourteenth Amendment Right to Due Process of Law by 'newly discovered' evidence of police corruption." [Doc. 1, ¶12]

### *Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

This is the second petition for *habeas corpus* filed by this petitioner attacking his  armed robbery and escape convictions and the sentences imposed by the Fourth Judicial District Court. As noted above, petitioner's first petition for *habeas corpus* was dismissed with prejudice as time-barred, however, a *habeas* petition dismissed as time-barred is considered as having been adjudicated on the merits for the purposes of the gate-keeping rules on successive petitions. *In*

*re: Flowers*, 595 F.3d 204 (5th Cir.2009).

This petition attacks the same convictions which were the subject of the previous petition. Although AEDPA does not set forth what constitutes a "second or successive" application, the Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re: Cain*, 137 F.3d 234, 235 (5th Cir.1998)*; see also Crone v. Cockrell,* 324 F.3d 833.

Petitioner's Due Process claim could have been raised in his previous petition, and, that petition was dismissed with prejudice. Therefore, this petition is successive. Petitioner has not yet received permission from the Court of Appeals to file this successive petition in the District Court as required by the statute and therefore this Court lacks jurisdiction to consider his claims.

*In re: Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate.  Further, transfer is authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

Section 2244(b) divests this Court of jurisdiction to consider petitioner's  successive *habeas* petition until such time as the Court of Appeals authorizes such a filing, and thus, transfer

pursuant to 28 U.S.C. §1631 is appropriate.

Therefore,

**IT IS RECOMMENDED** that petitioner's petition be deemed successive and that it be

**TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28

U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections within fourteen (14) days after being served with a copy of any objections or

response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed

legal conclusions reflected in this Report and Recommendation within fourteen (14) days

following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall

bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted

by the District Court, except upon grounds of plain error. *See*, *Douglass v. United Services*

*Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe , Louisiana, September 30, 2015.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**